UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PASSPORT, LTD.** | ) )  ) Case No. 1:25-cv-06504 |
| Plaintiff, | )  ) Hon. |
| vs. | )  )  ) |
| **CUSTOM CULINARY, INC.,** | )  ) **JURY TRIAL DEMANDED** |
| Defendant. | )  ) |

## COMPLAINT

Plaintiff Passport, Ltd. ("Plaintiff" or "Passport"), by and through its undersigned counsel, for its Complaint against Defendant Custom Culinary, Inc. ("Defendant" or "Custom Culinary"), hereby alleges the following:

## PRELIMINARY STATEMENT

1. This is an action for willful trademark infringement and unfair competition under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and the common law of the state of Illinois in which Passport is seeking injunctive relief and monetary damages for Defendant's infringement of Passport's valuable trademarks. Specifically, Defendant is willfully infringing Passport's rights in its registered PASSPORT trademarks by using those trademarks to mislead consumers into believing there exists some affiliation, sponsorship, or connection between Passport and Defendant when there is none, and by deliberately trading off of the extensive goodwill that Passport has developed in its PASSPORT marks.

## THE PARTIES

2. Passport, Ltd. is a corporation organized under the laws of Illinois and headquartered in Illinois.

3. On information and belief, Custom Culinary, Inc. is an Illinois corporation with a primary place of business at 2505 S. Finley Rd., Lombard, IL 60148.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because Custom Culinary is domiciled in and transacts business in Illinois and within this judicial district; because Custom Culinary has engaged in business activities directed to the state of Illinois and within this judicial district; because Custom Culinary has knowingly committed tortious acts aimed at and causing harm within the state of Illinois and this judicial district; and because Plaintiff suffered harm within this judicial district as a result of Custom Culinary's conduct complained of herein.

5. Plaintiff's claims are based, in part, on violations of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction over the subject matter of this dispute pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, (1) Plaintiff and Defendant transact business in this judicial district, (2) Defendant is subject to personal jurisdiction in this judicial district, and (3) a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND

**I.     Passport and its Valuable Intellectual Property**

7.     Passport was founded by two chefs, James Dragatsis and Sandeep Malhotra, with the mission of bringing award-winning, high-quality, and globally-influenced sauces, broths, and flavors to restaurants, culinary businesses, and consumers throughout the country.

8.     Since its inception, Passport has worked diligently to develop recipes consisting of the highest quality fresh herbs, spices, and other ingredients to create rich, flavorful sauces and other meal components on a large scale. Passport's offerings include a variety of globally-inspired sauces and bases, including mole negro, ssamjang sauce, green mole, Oaxacan-style queso blanco, chili garlic sauce, sweet and sour sauce, orange sauce, teriyaki sauce, Thai-style red curry, Thai-style green curry, Thai-style yellow curry, and pad Thai sauce.

9.     Passport's goods are packaged and sold to both consumers and professional chefs as ready-to-use and customizable products.

10.     Since at least as early as 2018, Passport has sold its delicious line of broths and sauces using its PASSPORT® trademarks.

11.     Passport markets and sell its PASSPORT products throughout the nation.

12.     Over the years since its founding, Passport has spent considerable time, effort, and money advertising and marketing products bearing its PASSPORT marks.

13.     In addition to its widespread and longstanding use, Passport owns United States Trademark Registrations for its PASSPORT-formative marks, namely:

| | Mark | Reg. No. | Goods/Services | Reg. Date | First Use in Commerce |
|---|---|---|---|---|---|
| 1 | PASSPORT GLOBAL FLAVORS | 5,852,322 | Class 29: Broth<br><br>Class 30: Sauces, marinades, mole sauce, curry sauce, cheese sauce | September 3, 2019 | May 2018 |
| 2 | PASSPORT GLOBAL FLAVORS (logo) | 5,852,323 | Class 29: Broth<br><br>Class 30: Sauces, marinades, mole sauce, curry sauce, cheese sauce | September 3, 2019 | May 2018 |

14. Copies of the foregoing U.S. Trademark Registrations are set forth in **Exhibit A** hereto and incorporated herein fully by reference. Hereinafter, Passport's PASSPORT marks, including its common law rights thereto, and as embodied in part in the foregoing registrations, shall be referred to as the "PASSPORT Marks."

15. Over the years, Passport has generated substantial revenue from the sale of goods bearing the PASSPORT Marks.

16. Passport has widely promoted its high-quality goods in connection with the PASSPORT Marks. As a result, the PASSPORT Marks are well-recognized trademarks for chef-quality sauces and broths and related goods.

4

17. Passport's PASSPORT Marks have come to represent substantial and highly valuable goodwill belonging exclusively to Passport. The PASSPORT Marks have become widely and favorably known and identified with Passport by the public throughout the United States, including the State of Illinois.

18. Passport has been using the PASSPORT Marks exclusively and continually since at least as early as 2018, prior to Defendant's misconduct complained of herein.

19. Passport has spent considerable time, effort, and funds marketing and advertising its PASSPORT line of products.

20. As a result of Passport's continuous use, extensive sales, advertising, and promotion of the PASSPORT Marks, the PASSPORT Marks enjoy widespread recognition and an excellent reputation and are recognized by the public as emanating exclusively from Passport and representative of Passport's high quality products.

21. As a result of Passport's efforts and commercial success in advertising, marketing, and promoting products under the PASSPORT Marks, Passport has generated substantial and valuable goodwill in its PASSPORT Marks, and the PASSPORT Marks have become intangible assets of significant commercial value to Passport.

**II.  Custom Culinary's Infringement of the Valuable PASSPORT Marks**

22. Custom Culinary sells sauces, broths, and other meal components to restaurants and commercial customers. Custom Culinary held a limited license to use Passport's PASSPORT Marks under a 2017 Co-Marketing Agreement but had no right to use the Marks after that Agreement was terminated in 2021.

23. Since the termination of the Co-Marketing Agreement, Passport has not licensed or otherwise authorized Custom Culinary to use its highly valuable and well-established intellectual property in any manner whatsoever.

24. Despite having no authorization to use the PASSPORT Marks, Custom Culinary has sold and continues to sell goods using the PASSPORT Marks, as shown by the following advertisement available on the Walmart.com website as recently as May 2025:



25. Further, Custom Culinary has continued to wrongly sell goods developed and owned by Passport under the Custom Culinary brand.

26. Custom Culinary's unauthorized use of the PASSPORT Marks is likely to cause, and has already caused, confusion among customers and the public who believe or are likely to believe that Custom Culinary and its products are somehow connected, affiliated or associated with Passport when they are not.

27. Custom Culinary's unauthorized use of the Custom Culinary brand in connection with products developed by Passport is likely to cause, and has already caused, confusion among customers and the public who believe or are likely to believe that Custom Culinary and its products are somehow connected, affiliated or associated with Passport when they are not.

28. Upon information and belief, Custom Culinary was well aware of the goodwill and market value of the PASSPORT Marks and intentionally chose to use and to trade off of the goodwill associated with the PASSPORT Marks to suggest a false affiliation between Passport and its goods.

29. Upon information and belief, Custom Culinary was well aware of the quality and value of Passport's recipes and intentionally chose to use its own source indicators to create a false affiliation between Custom Culinary and Passport's goods.

30. Through its unauthorized and infringing uses of the PASSPORT Marks, Custom Culinary is deliberately and improperly capitalizing upon the goodwill that Passport has built up therein.

31. Custom Culinary's unauthorized, unlawful, and intentional use of the PASSPORT Marks has caused, and will continue to cause, a likelihood of confusion among consumers and potential customers as to the source or origin of the infringing products and the sponsorship or endorsement of those goods by Passport.

32. As a result of Custom Culinary's intentional misappropriation of the PASSPORT Marks, Custom Culinary has caused, and will continue to cause, irreparable injury to Passport and has substantially damaged, and will continue to damage, the value of and goodwill associated with the PASSPORT Marks.

33. Custom Culinary has unjustly enriched itself at Passport's expense by displaying, marketing, advertising, promoting, distributing, offering to sell, and selling the infringing products. Among the benefits that Custom Culinary has gained is increased revenue from the sale of the infringing products.

34. With every day that passes, Custom Culinary's use of the PASSPORT Marks compounds the irreparable harm to Passport.

## COUNT I
### Infringement of Federally Registered Trademarks in Violation of 15 U.S.C. § 1114

35. Passport repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

36. Passport owns and has exclusive rights to use its federally registered PASSPORT Marks in connection with its sauces, broths, and flavors and related goods and services.

37. Members of the public associate the federally registered PASSPORT Marks with a single source—Passport. Indeed, the PASSPORT Marks are distinctive and inextricably linked in the minds of the public with Passport and its high-quality goods. Passport owns valuable goodwill, symbolized by and embodied in the PASSPORT Marks.

38. Passport owns federally registered trademark numbers 5,852,322 and 5,852,323 for the PASSPORT Marks.

39. The foregoing registrations are *prima facie* evidence of the validity of the PASSPORT Word Mark and Logo and of Passport's ownership of the marks.

40. Passport's ownership of and rights in the Passport Intellectual property pre-date Custom Culinary's improper use of the PASSPORT Marks.

41. Custom Culinary knowingly and intentionally markets, promotes, advertises, distributes, offers to sell, and sells goods using Passport's PASSPORT Marks.

8

42. Custom Culinary is selling and offering to sell goods with full knowledge that consumers are likely to confuse the source of the goods.

43. Custom Culinary has been informed, and is well aware, of its infringement.

44. Passport has not authorized, licensed, or otherwise condoned or consented to Custom Culinary's use of the PASSPORT Marks since termination of the 2017 Co-Marketing Agreement in any manner whatsoever.

45. Custom Culinary's unauthorized use of the federally registered PASSPORT Marks has caused, is causing, and is likely to cause significant confusion, cause mistake, and/or deceive in violation of 15 U.S.C. § 1114.

46. Custom Culinary's intentional use in commerce of the federally registered PASSPORT Marks constitutes trademark infringement in violation of 15 U.S.C. § 1114.

47. Though Custom Culinary had prior knowledge of Passport and the PASSPORT Marks, and received notice from Passport that it was infringing, Custom Culinary continues to intentionally infringe the PASSPORT Marks. Therefore, Custom Culinary's actions are knowing and intentional, rendering this case exception within the meaning of 15 U.S.C. § 1117(a).

48. Passport has no adequate remedy at law. Custom Culinary's conduct has caused and, if not enjoined, will continue to cause immediate and irreparable damage to Passport's trademark rights, business reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

49. Due to Custom Culinary's violations of the Lanham Act, Passport is entitled to injunctive relief, actual, compensatory and punitive damages in an amount to be determined at trial, attorneys' fees, costs, and disbursements.

## COUNT II
**Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

50. Passport repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

51. Passport is the owner of the valid and protectable PASSPORT Marks.

52. Members of the public associate the federally registered PASSPORT Marks with a single source—Passport. Indeed, the PASSPORT Marks are quite distinctive, and are inextricably linked in the minds of the public with Passport and its high-quality goods. Passport owns valuable goodwill, symbolized by and embodied in the PASSPORT Marks.

53. Passport's ownership of and rights in the Passport Intellectual property pre-date Custom Culinary's improper use of the PASSPORT Marks.

54. Custom Culinary's unauthorized use of the federally registered PASSPORT Marks has caused, is causing, and is likely to cause significant confusion, cause mistake, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Custom Culinary and Passport, and/or Custom Culinary and its goods on the one hand and Passport and its goods on the other, and is likely to cause the mistaken belief that Passport has authorized, sponsored, approved, endorsed, or licensed Custom Culinary's goods or that Custom Culinary is in some way affiliated, connected, or associated with Passport, when it is not.

55. Such confusion, deception, or mistake has already occurred, and is likely to continue to occur, as a direct result of Custom Culinary's use of the PASSPORT Marks in connection with the display, advertising, promotion, offer for sale, and sale of Custom Culinary's infringing goods.

56. Custom Culinary's actions constitute unfair competition, false designation of origin, false or misleading description of fact, and false or misleading representation of fact in violation of 15 U.S.C. § 1125(a).

57. Though Custom Culinary had prior knowledge of Passport and the PASSPORT Marks, and received notice from Passport that it was infringing, Custom Culinary continues to intentionally infringe the PASSPORT Marks. Therefore, Custom Culinary's actions are knowing and intentional, rendering this case exception within the meaning of 15 U.S.C. § 1117(a).

58. Passport has no adequate remedy at law. Custom Culinary's conduct has caused and, if not enjoined, will continue to cause immediate and irreparable damage to Passport's trademark rights, business reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

59. Due to Custom Culinary's violations of the Lanham Act, Passport is entitled to injunctive relief, actual, compensatory, and punitive damages in an amount to be determined at trial, and attorneys' fees, costs, and disbursements.

**COUNT III**
**Unfair Trade Practices under the Illinois Uniform Deceptive Trade Practices Act**
**(815 ILCS 510/1 *et seq.*)**

60. Passport repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

61. Custom Culinary's actions have violated the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2) because Custom Culinary has knowingly used and continues to use in commerce the PASSPORT Marks or reproductions, copies, or colorable imitations thereof, in connection with the goods and services that Custom Culinary manufactures, advertises, promotes, and sells.

62. Custom Culinary's use of the PASSPORT Marks described above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Custom Culinary and Passport and/or the parties' respective goods and services, and is likely to cause such people to believe in error that Custom Culinary's goods and services have been authorized, sponsored, approved, endorsed, or licensed by Passport or that Custom Culinary is in some way affiliated, connected, or associated with Passport when it is not.

63. Upon information and belief, Custom Culinary knew of Passport's prior use of the PASSPORT Marks and was well aware of the goodwill and market value of the PASSPORT Marks and intentionally chose to use and to trade off the goodwill associated with the PASSPORT Marks to suggest a false affiliation between Passport and its goods on the one hand and Custom Culinary and its goods on the other, or to deliberately mislead and confuse customers about the source of the parties' respective goods. Custom Culinary is therefore willfully engaging in a deceptive trade practice and Passport is entitled to recover its costs and attorneys' fees under 815 ILCS 510/3.

64. Passport has no adequate remedy at law. Custom Culinary's conduct has caused and, if not enjoined, will continue to cause immediate and irreparable damage to Passport's trademark rights, business reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

65. Due to Custom Culinary's violations, Passport is entitled to injunctive relief, actual, compensatory, and punitive damages in an amount to be determined at trial, attorneys' fees, costs, and disbursements.

## COUNT IV
### Common Law Unfair Competition

66. Passport repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

67. Passport owns and has exclusive rights to use its federally registered PASSPORT Marks in connection with its goods.

68. Members of the public associate the federally registered PASSPORT Marks with a single source—Passport. The PASSPORT Marks are distinctive and inextricably linked in the minds of the public with Passport and its high-quality goods. Passport owns valuable goodwill in its PASSPORT Marks.

69. Passport's ownership of and rights in the PASSPORT Marks pre-date Custom Culinary's improper use of the PASSPORT Marks.

70. Custom Culinary knowingly and intentionally markets, promotes, advertises, distributes, offers to sell, and sells goods using the PASSPORT Marks.

71. Custom Culinary is selling and offering to sell goods with full knowledge that consumers are likely to confuse the source of its goods.

72. Custom Culinary has been informed and is well aware of its infringement.

73. Passport has not authorized, licensed, or otherwise condoned or consented to Custom Culinary's use of the PASSPORT Marks.

74. Custom Culinary's unauthorized use of the PASSPORT Marks has caused, is causing, and is likely to cause significant confusion, cause mistake, and/or deceive consumers.

75. Such confusion, deception, or mistake has already occurred, and is likely to continue to occur, as a direct result of Custom Culinary's unauthorized use of the PASSPORT Marks.

76. As a direct result of Custom Culinary's conduct, Passport has suffered damage to the valuable PASSPORT Marks, as well as harm to its valuable goodwill and reputation.

77. Passport has no adequate remedy at law. Custom Culinary's conduct has caused and, if not enjoined, will continue to cause immediate and irreparable damage to Passport's trademark rights, business reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

78. Custom Culinary's actions constitute common law unfair competition.

## COUNT V
### Tortious Interference with Business Relationships and Business Expectancy

79. Passport repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

80. Based on its successful history of marketing goods using the PASSPORT Marks, Passport had a reasonable expectation that it would successfully sell its goods to a number of large distributors and customers.

81. Custom Culinary was aware of Plaintiff's success with selling goods using the PASSPORT Marks, and further, Passport's opportunities to sell or continue to sell goods to a number of large distributors and customers.

82. On information and belief, Custom Culinary entered into a business relationship with Passport for the purpose of learning about Passport's business relationships with its distributors and customers so that Custom Culinary could market and sell its own products to those distributors and customers using the PASSPORT Marks.

83. On information and belief, Custom Culinary purposefully and unjustifiably interfered with Passport's business expectations by using the PASSPORT Marks to market Custom Culinary goods to distributors and customers.

84. As a direct and proximate result of Custom Culinary's misconduct, Passport has sustained damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Passport demands a trial by jury on all issues present in this civil action.

## PRAYER FOR RELIEF

WHEREFORE, Passport respectfully requests and prays that the Court:

A. Enter judgement in Passport's favor and against Custom Culinary on all counts of the complaint and on any counterclaims;

B. Determine that Custom Culinary willfully violated the Lanham Act, that Passport has been damaged by such violations, and that Custom Culinary is liable to Passport for such violations;

C. Determine that Custom Culinary has willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act and that Custom Culinary is liable to Passport for such willful violations;

D. Determine that Custom Culinary's actions constitute common law unfair competition;

E. Determine that Custom Culinary's actions constitute unlawful tortious interference with Passport's business relationships and/or business expectancy;

F. Determine that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a);

G. Under all claims for relief, issue and preliminary and permanent injunction enjoining Custom Culinary and any of its officers, employees, agents, successors and assigns, and all those in active concert and participation with Custom Culinary, and each of them who receives notice directly or otherwise of such injunctions;

   a. From using in any manner the PASSPORT Marks and any variations thereof, or any other name, term, phrase, mark, design, device, or symbol which so resembles or is similar to the PASSPORT Marks as to be likely to cause confusion, mistake or deception as to source, origin, sponsorship, approval, affiliation, or the like;

   b. From further unlawfully trading upon and misappropriating the goodwill and reputation of Passport and competing unfairly with Passport;

   c. From further unlawfully interfering with Passport's business relationships and business expectancies;

    d. From inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

    e. From making any false or misleading descriptions of fact or false or misleading representations of fact in their commercial advertising or promotion about the nature, characteristics, or qualities of their products or related commercial activities.

H. Order that Custom Culinary account for and pay to Passport all gains, profits, and advantages derived from its violation of 15 U.S.C. §§ 1114 and 1125(a) and the common law, and also pay to Passport the damages which Passport has sustained by reason of such violations, together with legal interest from the date of accrual thereof;

I. Because of the willful nature of said violations and pursuant to 15 U.S.C. § 1117(a), order that Custom Culinary be required to pay Passport enhanced damages;

J. Order that Custom Culinary be required to pay Passport's reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

K. Award interest, including pre-judgment interest, on the foregoing sums; and

L. Such other and further relief as the Court may deem just and proper.

Dated: June 11, 2025                            Respectfully submitted,

                                                  By: /s/ *William B. Berndt*
                                                        William B. Berndt
                                                        Mary A. Hyde
                                                        Ashley N. Hatzenbihler
                                                        HONIGMAN LLP
                                                        321 N. Clark St., Suite 500
                                                        Chicago, IL 60606
                                                        Telephone: (312) 701-9360
                                                        wberndt@honigman.com
                                                        mhyde@honigman.com
                                                        ahatzenbihler@honigman.com

                                                        *Attorneys for the Plaintiff*